UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COMPOSITE MAT SOLUTIONS, L.L.C.   CIVIL ACTION

VERSUS   NO. 06-9602

BIG RED EVENTS, INC.   SECTION "C" (1)

ORDER AND REASONS

This matter comes before the Court on motion to dismiss filed by the defendant, Big Red Events, Inc. ("BRE").  Having considered the record, the memoranda of counsel and the law, the Court has determined that a stay is appropriate for the following reasons.[1]

The plaintiff, Composite Mat Solutions, L.L.C ("Composite") seeks damages allegedly due from the plaintiff for breach of contract in the three-count petition in this removed action.  One count concerns amounts allegedly due under a December 15, 2005, installment promissory note executed by the defendant in favor of the plaintiff.

---

[1] The Court is satisfied that it has diversity jurisdiction in this removed action.

1

The remaining two counts concern amounts allegedly under an open account, including sums allegedly due under a sales distributor agreement dated June15, 2005, between the parties.

The defendant argues in this motion that because the disputes between the parties have not been submitted to mediation, the plaintiff's claims are premature and subject to dismissal. The sales distribution agreement, provides in relevant part:

> The parties agree that any disputes arising hereunder, including the construction or application of this Agreement, shall be submitted to non-binding mediation pursuant to the mediation rules for commercial disputes of the American Arbitration Association. ... If mediation between the parties does not result in a settlement within 180 days after submission of the dispute by a party to mediation, then each party shall have the right to enforce the obligations of this Agreement in any court of law in the United States of America ...

The plaintiff argues in opposition that the non-binding mediation provision is not a valid basis for dismissal and, even if applicable, the provision does not apply to the plaintiff's first claim on the promissory note. It also argues that proceeding to mediation would be futile and useless in light of the defendant's refusal to pay on the note.

The plaintiff argues that the mediation provision "does not displace the parties' right to proceed with litigation in the first instance, but rather is simply a good faith pre-suit mechanism to resolve disputes." (Rec. Doc. 9, p. 4). Its reliance on

Bombardier Corp. v. National Railroad Passenger Corp., 333 F.3d 250 (D. Cir. 2003), is short-lived: that Court did not deny a motion to dismiss based on a non-binding mediation provision, but dismissed an appeal denying such a motion based on a lack of appellate jurisdiction.  The underlying district court did find its mediation clause was not a condition precedent to litigation because of the lack of express language to that effect, and that mediation would be futile and inefficient given the scope of the mediating board's authority.    Bombardier Corp. v. National Railroad Passenger Corp., 298 F.Supp2d 1,  (D.C.D.C 2002).    The language under examination in this matter is not as vague as that at issue in Bombardier.

      The Court is left, therefore, with a contractual agreement requiring non-binding mediation for two of the claims being made in this matter.   The six-month delay agreed to is reasonable under the circumstances facing this Court's current docket, and the parties are urged to undertake the negotiations with good faith and an eye on resolving all of their differences.

      Accordingly,

      IT IS ORDERED that the motion to dismiss is PARTIALLY GRANTED and PARTIALLY DENIED.  (Rec. Doc. 4).  This matter is STAYED for a period of six months in order to afford the parties the opportunity to submit the two relevant claims to

mediation, as provided in the sales distribution agreement.

New Orleans, Louisiana, this 12th day of March, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE